IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CATHERINE SALAS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-445-L-BH** |
| | § | Criminal No. 3:16-CR-56-L-12 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

On January 13, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court deny with prejudice Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) and dismiss all habeas claims asserted by her in this action.[1] Petitioner's deadline to file objections to the Report was January 30, 2023. As of the date of this order, no objections to the Report were received from Petitioner or docketed in this case.

Having considered Petitioner's habeas corpus petition, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's habeas petition (Doc. 1); and **dismisses with prejudice** this action and all claims asserted by her.

---

[1] Petitioner asserts the following claims: (1) ineffective assistance of trial counsel in failing to adequately advise her regarding the appellate waiver portion of her plea agreement; (2) ineffective assistance of trial counsel in failing to object to the loss and restitution amount at sentencing; (3) violation of her right to due process as a result of the misapplication of the loss amount to her; and (4) and error in applying the dangerous weapon enhancement at sentencing. The magistrate determined that all of these claims fail because: (1) Petitioner has failed to show that her appellate waiver was involuntary; (2) she has not satisfied the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing of prejudice resulting from her counsel's decision to not object to the loss and restitution amount; and (3) her third and fourth claims are procedurally barred.

**Order – Page 1**

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 23rd day of February, 2023.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)   Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)   Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**